# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**BILLY D. TURNER,**
     **Petitioner,**

**v.**                  **Case No.   3:04cv234/MCR/MD**

**JAMES R. MCDONOUGH,[1]**
     **Respondent.**

---

## ORDER and
## <u>REPORT AND RECOMMENDATION</u>

    **Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 7).  Respondent has filed a response (doc. 17). Petitioner was twice granted extensions of time to reply, most recently in April 2005, but has failed to do so (docs. 21, 24).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.**

---

**[1]James R. McDonough succeeded James V. Crosby as Secretary of the Florida Department of Corrections and is automatically substituted as respondent.  *See* Fed. R. Civ. P. 25(d)(1).**

## BACKGROUND AND PROCEDURAL HISTORY

A jury found petitioner guilty of capital sexual battery on a ten year old child and he was sentenced to life without possibility of parole (doc. 17, ex. A, p. 21).[2]  He appealed, raising the first two issues he raises here, both involving claimed trial court error.   The appellate court affirmed petitioner's conviction and sentence without a written opinion (ex. F).  Petitioner then filed a petition for writ of habeas corpus in the appellate court, claiming ineffective assistance of appellate counsel (not raised here), which was denied (ex. G, H).  Petitioner then filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850 in the trial court, raising the third through sixth grounds raised here (one claim of trial court error, and three claims of ineffective assistance of counsel) (ex. I, pp. 1-17).  The court denied relief summarily on two issues (grounds 3 and 6 here)(ex. I, pp. 24-27).  The court held an evidentiary hearing on the two remaining issues (grounds 4 and 5 here), and denied relief in a written order (ex. I, pp. 60-65).  Petitioner's appeal of the orders denying relief was unsuccessful (ex. J), and he now brings this petition for federal habeas relief.  Respondent concedes that the petition is timely (doc. 17, p. 6), and that some, but not all, of the grounds raised here were properly exhausted in the state court.

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

---

[2]Hereafter all references to exhibits will be to those attached to doc. 17 unless otherwise noted.

> **(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–**
>
> > **(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or**
> >
> > **(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.**

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

120 S.Ct. at 1523 (O'Connor, J., concurring).  Under the test just described a habeas court does not examine the State court's ruling to see if it is correct, but examines it only to see if it is reasonable.  More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal

principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Id.*, 123 S.Ct. 1172.   The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20).  The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06).  If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it.  *Holland v. Jackson*, 542 U.S. 649, 652, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision

was contrary to federal law).  An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001); *see also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).

Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued.  *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . ."); *Lockyer, supra*, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims.  *Neelley*, 138 F.3d 917.  Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication  "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  The Supreme Court has clarified that:  "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).

## PETITIONER'S GROUNDS FOR RELIEF

1.  <u>Trial court error - refusal to give curative instruction.</u>

Petitioner first contends that he was denied due process because the trial court refused to give a curative instruction when the prosecutor objected in the jury's presence that defense counsel was trying to "trick" a minor witness. Respondent says that this ground was not properly exhausted because it was not presented to the state court as a federal claim.  Respondent is correct.

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[3] thereby giving the State the "'opportunity to pass upon and correct'

---

[3]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)   the applicant has exhausted the remedies available in the courts of the State; or

(B) (i)  there is an absence of available State corrective process; or

(ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*, *supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In *Picard v. Connor*, *supra*, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.* at 278, 92 S.Ct. at 513, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court.  In *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  *Id.* 459 U.S. at 7, 103 S.Ct. at 278 (citing *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)).  The only manner in which the habeas petitioner had cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law."  *Anderson*, 459 U.S. at 7, 103 S.Ct. at 278 (internal

---

to raise, by any available procedure, the question presented.

quotation marks omitted).  The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the <u>cited</u> case advanced a federal claim.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought.  459 U.S. at 7 and n. 3, 103 S.Ct. at 278 and n. 3.

Years later, the Supreme Court readdressed the "fair presentation" requirement in *Duncan v. Henry*, *supra*.  The *Duncan* Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4]  The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." *Duncan*, 115 S.Ct. at 888.  More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that  "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004).  The *Baldwin* Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  *Id.*  This language, while not part of the Court's holding, provides an instructive and useful rule of thumb.  With regard to

---

[4]The petitioner in *Duncan* raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

this statement, the Eleventh Circuit stated in *McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" *McNair* [*v. Campbell*], 315 F. Supp. 2d at 1184 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

*Id.*, 416 F.3d at 1302-03 (citations omitted).[5]

The Eleventh Circuit, prior to *Duncan*, had broadly interpreted the "fair presentation" requirement.[6] However, after *Duncan*, the Eleventh Circuit has taken a more restrictive approach. For example, in *Zeigler v. Crosby*, the Circuit Court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the

---

[5]In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." *McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

[6]*See, e.g.*, *Watson v. Dugger*, 945 F.2d 367 (11th Cir. 1991) (finding issue to be exhausted when petitioner argued in state court that trial court misapplied state law when it refused to give petitioner's requested jury instruction and thereby allowed the jury to convict without necessary showing of criminal intent, and argued in federal court that this was a due process violation); *Mattox v. Dugger*, 839 F.2d 1523 (11th Cir. 1988) (holding that a federal habeas corpus petition should not be dismissed on grounds of procedural default when a petitioner has previously brought an issue before a state court alleging only state law violations, when such a claim is equally supported by federal law, and the state cites such federal law in support of its position); *Hutchins v. Wainwright*, 715 F.2d 512, 518-19 (11th Cir. 1983) (petitioner exhausted Sixth Amendment confrontation clause claim in state court by raising hearsay objections, even though petitioner never raised Sixth Amendment claim in state court).

cases cited in his direct appeal discussed the Federal Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The court specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Florida Constitution and Florida's Due Process Clause. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.,* procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct.

1038, 1043, 103 L. Ed. 2d 308 (1989).  The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question.  *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002).  The adequacy requirement has been interpreted to mean that the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim.  *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  *Tower v. Phillips, supra.* To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  *Schlup*, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

In his direct appeal, petitioner claimed that the trial court abused its discretion when it refused to give a curative instruction.  Defense counsel was cross-examining

a child witness (not the victim) on whether the petitioner had gone into a bathroom with her, when the prosecutor interjected:

> Objection.  That's not what the witness is testifying to.  This is a child.
> He's trying to trick her.

(Ex. A, p. 141).  The objection was sustained and counsel was allowed to rephrase the question.  Then, during a recess defense counsel asked for a curative instruction, but was rebuffed, the court finding that while the prosecutor's accusation of trickery was inappropriate, there was no prejudice (ex. A, pp. 143-144).

Petitioner argued to the appellate court that the trial court abused its discretion, and cited Florida precedent at some length.  However, he did not mention the United States Constitution or cite to any federal law on the issue.  The only mention of a federal case was contained in a lengthy quote from *Jackson v. State*, 421 So.2d 15, 17 (Fla. 3rd DCA 1982) (stating, in part, that there had been a rash of prosecutorial misconduct cases before it, and that the court's "prior efforts to eliminate the practice have proven entirely ineffective.  *Cf. United States v. Modica*, 663 F.2d 1173 (2nd Cir. 1981).").  The *Modica* case contained a lengthy discussion on how to deal with overzealous prosecutors, in that case concerning the prosecutor's vouching for a witness' veracity among other things, but the court ultimately found that there had been no prejudice.  Petitioner's mere mention of a federal case, contained within a quote from a Florida case which addressed how to stop prosecutors from making improper arguments but not the specifics of such arguments, failed to alert the state appellate court that his federal constitutional rights had been abridged.  The state courts would obviously now find any efforts to gain relief on the federal claim to be procedurally barred.  Therefore, the claim is procedurally defaulted.  Petitioner has made none of the requisite showings to excuse his default; thus, the claim is not reviewable in this court.

If the court were to review the claim, it would be found to be meritless.  It is long established Supreme Court law that prosecutors must refrain from improper methods calculated to produce a wrongful conviction; they may strike hard blows but are not at liberty to strike foul ones.  *Berger v. United States*, 295 U.S. 78, 88, 55

S.Ct. 629, 633, 74 L.Ed.2d 1314 (1935). "A lawyer shall not . . . state a personal opinion as to . . . the credibility of a witness . . . or the guilt or innocence of an accused" and shall not "use arguments calculated to inflame the passions or prejudices of the jury." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986) (citing Model Rules of Professional Conduct, Rule 3.4(e) (1984);  Code of Professional Responsibility, DR 7-106(c)(4) (1980);  ABA Standards for Criminal Justice:  3-5.8(b) (2nd Ed. 1980)).

In applying the various professional standards to the conduct of attorneys who appear before them, courts must not lose sight of the reality that "[a] criminal trial does not unfold like a play with actors following a script." *United States v. Young*, 470 U.S. 1, 10, 105 S.Ct. 1038, 1043, 84 L.Ed.2d 1 (1985) (quoting *Geders v. United States*, 425 U.S. 80, 86, 96 S.Ct. 1330, 1334, 47 L.Ed.2d 592 (1976)).  "[I]n the heat of argument, counsel do occasionally make remarks that are not justified by the testimony, and which are, or may be, prejudicial to the accused."  *Id.* (*citing Dunlop v. United States*, 165 U.S. 486, 498, 17 S.Ct. 375, 379, 41 L.Ed. 799 (1897)).

Challenges to allegedly improper prosecutorial comments are not infrequent. However, in evaluating a prosecutorial indiscretion:

> it is not enough that the prosecutors' remarks were undesirable or even universally condemned. The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.

*Darden, supra* (internal citations omitted); *Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985).  Inappropriate prosecutorial comments, standing alone, do not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding.  Instead, the remarks must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error.  *Young,*  470 U.S. at 11, 105 S.Ct. at 1044.  In determining whether a prosecutor's improper comments were so egregious as to render the proceeding fundamentally unfair, the court will consider the remedying effects, if any, of the trial

court's instructions to the jury and the evidence of guilt. *Cargill v. Turpin*, 120 F.3d 1366, 1379 (11th Cir. 1997). Weight is also given to the trial judge's assessment of any prejudicial effect the comments may have had. *United States v. Simon*, 964 F.2d 1082 (11th Cir. 1992).

Petitioner here claims that the prosecutor's remark - that defense counsel was trying to trick the minor witness - was prejudicial. This court disagrees. The remark was objectionable, but not prejudicial. Other than his own conclusory allegations, petitioner offers nothing to support his claim. He has totally failed to present any argument or authority for the idea that this remark was so egregious as to render the proceeding fundamentally unfair. Petitioner is not entitled to federal habeas relief, and the writ should not issue.

    2.   <u>Trial court error - refusal to give instruction on lesser included offense.</u>

Petitioner next contends that he was denied due process because the trial court refused to give a jury instruction on the lesser included offense of attempted sexual battery. In his direct appeal, petitioner challenged the trial court's refusal to give the instruction, but as the respondent correctly points out, he did not raise it as a federal constitutional claim. Rather, he argued that the trial court erred under Florida law when it failed to give the instruction. *All* of the cases cited in petitioner's brief were Florida court decisions, and no federal law was mentioned anywhere (ex. D, pp. 24-31). This ground for relief, like the first, is therefore procedurally defaulted. Petitioner has made none of the requisite showings to excuse his default. This claim is therefore not reviewable in this court.

There is another reason that this court should not review the merits of this claim. Even though here petitioner has couched his claim in terms of due process, the underlying basis for the claim is purely a matter of state law. Federal habeas relief is available to correct only constitutional injury. 28 U. S. C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429,

77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992) (quoting *Carrizales, supra*). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Improper jury instructions do not generally form a basis for habeas corpus relief unless the instruction results in a fundamental defect which inherently results in a complete miscarriage of justice, contrary to the rudimentary demands of fair procedure. *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Absent a showing of fundamental unfairness, a state court's jury instructions give rise to issues solely of state law not subject to federal habeas review. *Jones v. Kemp*, 794 F.2d 1536 (11th Cir. 1986); *Carrizales v. Wainwright*, 699 F.2d at 1054. The burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson*, 431 U.S. at 155, 97 S.Ct. 1730. The instant case is not one in which there were such critical errors, if indeed there were any errors, that a constitutional violation is apparent.

Petitioner requested an attempt jury instruction on the basis that he may not have completely removed the victim's bathing suit bottom which would have restricted the movement of the victim's legs thereby inhibiting union between petitioner's mouth and tongue with the child's vagina (ex. B, pp. 197-98). The trial

court denied petitioner's jury instruction request (*id.*).  To determine whether the state trial court's refusal to deliver an attempt instruction violated petitioner's federal constitutional right to due process, the court must turn to Florida law to assess whether, under state law, petitioner was entitled to such an instruction.

Petitioner was charged in Count I with violating section 794.011(2)(a) of the Florida Statutes:

> A person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony, punishable as provided in ss. 775.082 and 921.141.

Florida law defines sexual battery as:  oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object. . . .  Fla. Stat. § 794.011(1)(h) (1999).

Under Florida law, the accused is not entitled to a jury instruction on attempted sexual battery on a child under the age of 12 where evidence either conclusively showed that the charged crime was completed upon the child victim or else it demonstrated that the accused neither committed or even attempted any offense at all.  *Wilson v. State*, 622 So.2d 31, 33 (Fla. 1st Dist. Ct. App. 1993).  In the instant case, the evidence in the state's case-in-chief conclusively demonstrated that a sexual battery was completed upon the child victim.  The victim testified as follows:

[PROSECUTOR]: Okay.  Was anybody else in the room?

[WITNESS]: No.  And then he came back and sat down on the side of the bed and started rubbing my thighs again.  And then he pulled down my bathing suit bottom and started licking me in my privates.

[PROSECUTOR]: Okay, how far down did he pull your bathing suit bottom?

[WITNESS]: Past my knees.

[PROSECUTOR]: Did he ever lick the bathing suit?

[WITNESS]: No.

**[PROSECUTOR]: When you say past your knees, I want you to come back down again and show me how far down he pulled your bathing suit bottom.**

**[WITNESS]: (Complying).  Well, I'm not sure, but he pulled it down about to here.**

**[PROSECUTOR]: Okay.  Show everybody about how far down.**

**[WITNESS]: (Complying).  About down to here (indicating).**

**[PROSECUTOR]: Okay.  Go ahead.**

**[WITNESS]: (Returned to witness stand).**

**PROSECUTOR]: Had you had classes at school about what names to use for your privates?**

**[WITNESS]: Yes.**

**[PROSECUTOR]: What's the name that you were taught at school to call your private?**

**[WITNESS]: Vagina.**

**[PROSECUTOR]: You said that he licked your private.  Did he lick your vagina?**

**[WITNESS]: Yes.**

**[PROSECUTOR]: How long did he do that, if you know?**

**[WITNESS]: I'm not sure.**

**[PROSECUTOR]: What did you do?**

**[WITNESS]: Nothing.**

**[PROSECUTOR]: Did you say anything to him?**

**[WITNESS]: No.**

**[PROSECUTOR]: Did you tell him to stop?**

**[WITNESS]: No.**

[PROSECUTOR]: Why not?

[WITNESS]: I was scared.

(Ex. B, pp. 78-80).  On cross-examination, the victim testified similarly (*id.*, pp. 102-02).

Based on the evidence presented - the victim's testimony - the act of sexual battery was completed upon her.  Her undisputed testimony was that petitioner licked her vagina.  The trial court and the jury were able to see how far the bathing suit bottom was pulled down on the victim's legs.  Based on the foregoing, petitioner was not entitled to a jury instruction on attempted sexual battery, *Wilson v. State, supra*, as the trial court recognized.  (Ex. B, pp. 197-98).  Petitioner has not met his heavy burden of demonstrating that the trial court's refusal to delivery an attempt instruction rendered the trial so fundamentally unfair as to deny him his rights to a fair trial and to due process.

3. <u>Trial court error - refusal to grant continuance.</u>

Petitioner next contends that he was denied due process when the trial court refused to grant a continuance when new counsel was appointed to represent him only 36 days before trial.  This claim is also procedurally barred.  Petitioner challenged the trial court's ruling in his motion for post-conviction relief, but the Rule 3.850 court rejected it as procedurally barred because the claim could and should have been raised on direct appeal but was not.  The state court's rejection of the claim rested on adequate state grounds independent of the federal question.  Petitioner has made none of the requisite showings to excuse his default.  Therefore, the claim is not reviewable in this court.

If the court were to consider the claim, it does not warrant federal habeas relief.  Petitioner was on his third public defender when the case was tried.  The lawyer who represented him at trial, Tony Henderson, was appointed on April 17, 2000.  He immediately filed a motion for continuance because the case was scheduled for trial on May 16, 2000.  The motion for continuance was heard on May 2, 2000 and denied.  In spite of petitioner's claim that this gave counsel only 14 days

to prepare, he actually could have been preparing since he was appointed, which would have given him an entire month.

Furthermore, petitioner does not contest that the discovery had been done, only that his lawyer had insufficient time to prepare. He does not point to anything additional that needed to be done, nor does he show any specific way in which he may have been prejudiced. His conclusory allegation of prejudice is unsupported by anything in the record. This is insufficient to support a claim that petitioner's constitutional rights were abridged. Indeed, the court is aware that in the federal system the Speedy Trial Act, 18 U.S.C. § 3161 (b) and (c), requires that a federal criminal case be tried within not less than 30 days, nor more than 70 days after indictment, and the federal rules do not allow for discovery. A defendant is entitled to a preparation period sufficient to assure at least a minimal quality of counsel. *Birt v. Montgomery*, 725 F.2d 587 (11th Cir. 1984) (holding that two weeks between indictment and trial is sufficient time to prepare for trial). There is nothing in the record here to show that counsel really had insufficient time to prepare for trial other than counsel's argument at the motion hearing, which the trial court rejected. Petitioner has not shown that he was in any way prejudiced or denied a fair trial by the trial court's refusal to grant a continuance. Petitioner is not entitled to relief on this ground, and the writ should not issue.

    4.   <u>Ineffective assistance of counsel - misinformation on right to testify.</u>

Petitioner next claims that his attorney misinformed him concerning his right to testify. Respondent concedes that this claim was properly exhausted (doc. 17, p. 17). Petitioner has not given this court any facts to support this claim, however. He did present this claim in his Rule 3.850 motion, and the court held an evidentiary hearing on the matter. There, petitioner testified that his attorney advised him not to testify, because if he did the prosecutor would be able to cross-examine him not only on the number of his prior felony convictions, but also could inquire about the nature and details of the crimes, and about the use of a firearm. The Rule 3.850 court heard the evidence and credited the testimony of defense counsel, who stated that he told petitioner that the state could inquire only of whether he had ever been

convicted of a felony, and if so, how many.  Counsel categorically denied ever telling petitioner, or any criminal client, otherwise.  He and petitioner also discussed the possibility that if petitioner testified he might inadvertently open the door to questions concerning a prior incriminating statement he made to law enforcement (ex. I, p. 62).  The court specifically found that petitioner's testimony was not credible (*id*. at 62), and held that counsel gave the petitioner correct legal advice during the trial and that counsel's performance was not deficient (*id*. at 63).  The testimony upon which the Rule 3.850 court relied is in the transcript of the hearing (*id*. at 77-79).

    The Rule 3.850 court made a credibility determination based on conflicting evidence.  When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court).  Petitioner has not overcome the presumption of correctness of the Rule 3.850 court's decision.  Based on the facts as set forth in counsel's testimony, the state court's denial of relief on this claim was neither contrary to, nor an unreasonable application of, *Strickland*.  Petitioner is not entitled to federal habeas relief, and the writ should not issue.

    5.   <u>Ineffective assistance of counsel - failure to investigate.</u>

    Next petitioner contends that his counsel was ineffective because he failed to investigate available alibi witnesses and ignored petitioner's insistence that he do so.   Respondent has not addressed this claim in his answer, but it was clearly exhausted by being presented in petitioner's Rule 3.850 motion.  The Rule 3.850 court heard evidence on the question.  Petitioner testified that he had given counsel the name of an alibi witness, Susan Palmer, who could produce songs and letters that supported petitioner's theory of defense - that the victim made up the charges in retaliation for being reprimanded for writing the songs and letters.  He also said that counsel told him he could not call Ms. Palmer because she was listed as a state

witness.  Counsel testified that he and petitioner discussed this defense theory, but that petitioner never volunteered that Susan Palmer had anything helpful to offer, or that she had any letters or songs.  In fact, as he always did, counsel had petitioner write out a list of the names of people he thought could help, and petitioner's list disclosed only his brother.  Counsel reviewed the deposition testimony of Ms. Palmer, taken by previous defense counsel, and found nothing in it that indicated she had any helpful material.  Counsel also denied telling petitioner that he could not call a state witness, because he had called state witnesses many times during his ten years as an assistant public defender (ex. I, pp. 80-86).

Based on the testimony at the hearing, the Rule 3.850 court found that counsel's testimony was credible, that petitioner's was not, and that based on counsel's testimony, deficient performance had not been established (*id*. at 64).  As with the fourth ground, the Rule 3.850 court made a credibility determination based on conflicting testimony.  Petitioner has presented nothing to this court that in any was overcomes the presumption of correctness that this court must apply to the state court's decision.  28 U.S.C. § 2254(e)(1); *Crawford v. Head, supra*.  Based on the facts as set forth in counsel's testimony, the state court's denial of relief on this claim was neither contrary to, nor an unreasonable application of, *Strickland*.  Petitioner is not entitled to federal habeas relief, and the writ should not issue.

       6.   Ineffective assistance of counsel - petitioner did not attend depositions.

Finally, petitioner says that his counsel incorrectly prevented him from attending discovery depositions.  Respondent has not addressed this claim.  Regardless, the claim is without merit.  Petitioner presented it to the state court in his Rule 3.850 motion.  The court dismissed it summarily, holding that a defendant is entitled to attend only those depositions that are being taken to perpetuate testimony for trial under Fla. R. Crim. P. 3.190(j)(3), but that all the depositions taken in petitioner's case were taken for discovery only (ex. I, p. 27).  The court explained that a defendant is generally not allowed to attend discovery depositions.  *Id*; *see* Fla. R. Crim. P. 3.220(h)(7).

Petitioner can succeed on his claim only if this court determines that counsel's performance was deficient, but first this court would have to conclude that

the state court misinterpreted state law.   In *Herring v. Secretary, Dep't of Corrections*, 397 F.3d 1338 (11th Cir. 2005) and *Callahan v. Campbell*, 427 F.3d 897 (11th Cir. 2005), the Eleventh Circuit addressed similar issues.   In *Herring*, the petitioner argued his counsel was ineffective for failing to make an objection, based on state law, to the introduction of non-statutory aggravating evidence at the penalty phase of his trial.  *Id.* at 1354-55.  The Florida Supreme Court concluded that the proposed objection would have been overruled and therefore counsel was not deficient.  *Id.*  The Eleventh Circuit held:  "The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [petitioner's counsel] done what [petitioner] argues he should have done. . . .  It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'"  *Id.* (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)).

Similarly, in *Callahan*, the petitioner contended his counsel was ineffective for failing to argue that, based on the Alabama state courts' interpretation of the Double Jeopardy Clause in three state court cases (*Hull v. State*, 607 So.2d 369 (Ala. Crim. App. 1992), *Ex parte Hergott*, 588 So.2d 911 (Ala. 1991), and  *Ex parte Callahan*, 471 So.2d 463 (Ala. 1985) (*Callahan I*)), the introduction of petitioner's statements at his second trial was precluded.  The Alabama Court of Criminal Appeals concluded that the petitioner's claim relied on an erroneous interpretation of state law and rejected it.  The Eleventh Circuit held:

> [T]he Alabama Court of Criminal Appeals has already answered the question of what would have happened had [petitioner's counsel] objected to the introduction of [petitioner's] statements based on *Callahan I*, *Hull*, and *Hergott* – the objection would have been overruled.  *Callahan* [*v. State*], 767 So.2d [380,] 386-87 [(Ala. Crim. App. 1999)] (*Callahan III*). Therefore, [petitioner's counsel] was not ineffective for failing to make that objection.
>
> Moreover, we are convinced [petitioner] could not satisfy the prejudice prong of *Strickland*. [Petitioner's] ability to demonstrate prejudice is again foreclosed by the state court's decision in *Callahan III*.  Even if [petitioner's counsel] was ineffective for failing to make the objection, the state court has told us that if he did make the objection

it would not have been successful. [Petitioner] cannot be prejudiced by his counsel's failure to make a losing objection.

427 F.3d at 932.

Here, as in *Herring* and *Callahan*, the state court has answered the question of what would have happened had petitioner's counsel requested that petitioner be present at discovery depositions - the request would have been denied.  Therefore, counsel's performance cannot be held to be ineffective in not asking for such attendance, nor can petitioner show prejudice, since even if counsel *should* have asked, it would have done no good.  The state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2245(d) (1); *Williams, supra*.  Petitioner is not entitled to federal habeas relief, and the writ should not issue.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that James R. McDonough has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED that the 28 U.S.C. § 2254 amended petition for writ of habeas corpus (doc. 7), challenging the conviction and sentence in *State of Florida v. Billy D. Turner* in the Circuit Court of Santa Rosa County, Florida, case no. 99-1053-CFA, be DENIED, that this cause be DISMISSED, and that the clerk be directed to close the file.

At Pensacola, Florida, this 31st day of August, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).